IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KATERRA, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-914-L** |
| | § | |
| **PARAGON CONSTRUCTION** | § | |
| **COMPANY, LLC and KYLE WEAVER,** | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the Ex Parte Application for Temporary Restraining Order and Preliminary Injunction ("Ex Parte Application") (Doc. 6), filed by Katerra, Inc. ("Plaintiff" or "Katerra") on April 21, 2021. After considering the Ex Parte Application, the court **denies** the request for an *ex parte* temporary restraining order ("TRO") and **carries** the request for a preliminary injunction until Plaintiff has effectuated service of process on Defendants in accordance with this memorandum opinion and order, and briefing on Plaintiff's request for a preliminary injunction is complete.

There are four prerequisites for the extraordinary relief of a TRO or preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [TRO or preliminary] injunction [are] not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy

**Memorandum Opinion and Order – Page 1**

a cumulative burden of proving each of the four elements enumerated before a temporary restraining order can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the TRO or preliminary injunction.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue an *ex parte* TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

Katerra seeks an *ex parte* TRO and a preliminary injunction to restrain Defendants from soliciting Katerra's clients and employees, and competing with Katerra in violation of the Employment, Confidentiality, and Non-Competition Agreement and Employee Invention Assignment and Confidentiality Agreement signed by former Katerra Managing Director Kyle Weaver, who resigned from Katerra in October 2020 and formed Paragon Construction Company, LLC ("Paragon") in April 2020.  Plaintiff's Ex Parte Application, however, does not satisfy either of Rule 65(b)(1)'s requirements for *ex parte* relief.  Plaintiff submitted the declaration of Chris Barton, who is employed by Katerra, but neither this declaration nor Plaintiff's pleadings "clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Mr. Barton states that Katerra will suffer irreparable harm if Defendants are not enjoined, but he does not say that Katerra will suffer irreparable harm if and before Defendants can be heard in opposition to its Ex Parte Application.

Additionally, Katerra's Ex Parte Application is not accompanied by a written certification by its attorney of the "efforts made to give notice and the reasons why it should not be required." Katerra, instead, simply asserts in its Ex Parte Application that its attorney spoke with Kyle Weaver but never heard back from him:

> On April 21, 2021, Stephen Clement, counsel for Plaintiff, called the number listed for Paragon on its website. An individual who identified himself as "Kyle Weaver" answered. Mr. Clement explained that a lawsuit had been filed against Weaver and Paragon and that this Application was being filed this same day. Mr. Clement requested an email address to which a copy of the Complaint, this Application, and the proposed Temporary Restraining Order can be immediately sent.
>
> Weaver explained that he was about get on a call with his counsel and that he would call Mr. Clement back. At time of filing of this Application, Mr. Clement has not received a phone call back or an email address to which the pleadings can be sent. Should an email address be provided after the filing of this Application, the pleadings will be immediately sent to it.
>
> Accordingly, Plaintiff contends that judicial notice of this Application is not necessary as Defendants are already aware of its filing. The advisory committee notes to FRCP 65 make clear that "that informal notice, which may be communicated to the attorney rather than the adverse party, is to be preferred to no notice at all." Here, Weaver and Paragon are aware of this Application and are free to respond as they deem necessary. Further, Weaver conveyed to Mr. Clement that he or his counsel would call Mr. Clement back. At time of filing of this Application, no such call has been returned.

Pl.'s Ex Parte Appl. 7.

The inclusion of this assertion in Plaintiff's Ex Parte Application does not qualify as a written certification by its attorney for purposes of Rule 65(b)(1)(B). Moreover, Plaintiff's assertion that it provided Defendants with notice of its Ex Parte Application undercuts any potential argument by it that it will suffer irreparable harm if Defendants are allowed to be heard in opposition before the court rules on its request for a TRO and preliminary injunction. Thus,

even assuming, without deciding, that Plaintiff has pleaded plausible claims for relief,* issuance of a TRO on an *ex parte* basis would still be improper because it has not satisfied both of Rule 65(b)(1)'s requirements for an *ex parte* TRO.  Accordingly, the court **denies** Plaintiff's Ex Parte Application with respect to its request for an *ex parte* TRO.

The court **carries** Plaintiff's Ex Parte Application with respect to its request for a preliminary injunction and will delay ruling on the request for a preliminary injunction until Katerra has effectuated service of process on Defendants and briefing on the request for a preliminary injunction is complete.  Accordingly, any response by Defendants to Katerra's request for a preliminary injunction must be filed no later than **seven (7) business days** after Katerra effects service of process on Defendants in accordance with the Federal Rules of Civil Procedure, together with service of copies of Katerra's request for a preliminary injunction (Doc. 6) and this memorandum opinion and order. Any reply by Plaintiff must be filed within **seven (7) days** of the filing of Defendant's response to its request for a preliminary injunction. After serving Defendants will all materials in accordance with this opinion, Plaintiff **shall** promptly inform the court in writing regarding the date service was effected on Defendants and the manner in which service was effected. The court will not rule on Katerra's request for a preliminary injunction until Defendants respond or, if no response is filed by them, before Katerra informs the court in writing regarding the date service was effected as to Defendants and the manner in which they were served.

---

* Plaintiff's Complaint, which is not verified, is replete with allegations made on "information and belief." *See* Doc. 1. As noted, Plaintiff's Ex Parte Application is accompanied by the declaration of Chris Barton, to which is attached a number of documents obtained from the internet.  Mr. Barton states that the statements in his declaration are made under penalty of perjury.  One such statement, however, is made on "information and belief"; another is based on "what is believed to be Paragon's online filing"; and many other statements are based on hearsay information that he or someone on his behalf obtained from the internet. *See* Doc. 6-1. While hearsay may form the basis for, or contribute to, the issuance of a preliminary injunction, [] district courts have shown appropriate reluctance to issue such orders whe[n] the moving party substantiates his side of a factual dispute on information and belief." *Marshall Durbin Farms, Inc. v. National Farmers Org., Inc*., 446 F.2d 353 (5th Cir. 1971) (citation omitted).

**Memorandum Opinion and Order – Page 4**

After briefing on Katerra's request for a preliminary injunction is complete, the court will set, as necessary, a hearing if it determines that one is needed.

    **It is so ordered** this 22nd day of April, 2021.

                                            */s/ Sam A. Lindsay*
                                            Sam A. Lindsay
                                            United States District Judge